UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2021 MAY 17  P 11: 43
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CLAYTON MILLER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) 2:21-cv-352- |
| v. | ) CIVIL ACTION NUMBER: |
| | ) JURY TRIAL DEMANDED |
| AVANTEUSA, L.P.; | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, Clayton Miller, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides in this District.

### STATEMENT OF THE PARTIES

1. Plaintiff, Clayton Miller, is over the age of nineteen (19) years and is a resident of the city of Clanton in Chilton County, Alabama.

2. Defendant AvanteUSA, L.P. is and at all times pertinent herein was, a foreign limited partnership organized under the laws of the State of Texas and with a principal place of business in Houston, Texas.

3. Plaintiff asserts that, upon information and belief, Defendant is a debt collector as that term is defined by the FDCPA at 15 U.S.C. §1692(a)(6). Plaintiff asserts that at all relevant times herein, Defendant was in the business of collecting debts from consumers residing in this District.

4. Upon information and belief Defendant is not registered to do business in the State of Alabama but attempts to collect alleged debts from consumers in Alabama anyway.

5. The events or omissions that give rise to the claims made in this complaint all occurred within the Middle District of Alabama.

## STATEMENT OF FACTS

### *Background*

4. Plaintiff purchased a Kubota skid steer and financed the purchase.

5. This debt was incurred primarily for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

6. Plaintiff requested a an deferment or extension order to defer payments in December 2020 and January 2021. This extension was permitted by Kubota making Plaintiff's next payment due on February 3, 2021.

7. Plaintiff requested an additional deferment for the February 2021 payment. When he contacted Kubota he learned that his account had been sent to collections.

8. On or about February 8, 2021, an employee or agent of Defendant named Wayne Delucca called Plaintiff's place of work. In that conversation, Mr. Delucca identified that he was calling on behalf of AvanteUSA, a debt collector and, further, requested that Plaintiff's co-worker deliver a message to Plaintiff requesting Plaintiff call him back.

9. As a result, on February 8, 2021, Jennifer Dilly, one of Plaintiff's co-workers, emailed him Wayne Delucca's request that he call back and provided Mr. Delucca's telephone number and that he called from AvanteUSA.

10. The call made by Defendant's employee or agent Wayne Delucca was made in an attempt to collect a debt from Plaintiff.

11. Plaintiff at no time gave his consent to the Defendant to communicate with his co-worker or any other person.

12. Further, at the time of the Defendant's communication with Plaintiff's co-worker Defendant had Plaintiff's correct contact information and so had no reason to communicate with Plaintiff's co-worker.

13. Plaintiff was harmed by Defendant's conduct. As a result of Defendant's wrongful conduct the Plaintiff suffered damage including, but not limited to: physical, mental and emotional pain, anguish, humiliation and embarrassment.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

14. The foregoing acts and omissions of Defendant and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff. Plaintiff alleges that Defendant's violations include **but are not limited to** violations of sections 1692b, 1692c(b), and 1692(d) of the Fair Debt Collection Practices Act.

15. As a result of Defendant's violations of the FDCPA, Plaintiff is

entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined by a jury; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands declaratory judgment that Defendant's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees from Defendant for its violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ W. Seals
_____
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Mr. Clayton Miller
2954 Co. Rd 18 W
Clanton, AL 35045

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**AVANTEUSA, L.P.**
c/o Registered Agent
C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805